# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| JLM SARTOR, INC. | CIVIL ACTION NO. 15-2464 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CGN ENERGY LOUISIANA I, LLC | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Set Aside Entry of Default filed by Defendant, CGN Energy Louisiana I, LLC ("CGN"). See Record Document 54. For the reasons which follow, the Motion is **GRANTED**.

## FACTUAL BACKGROUND

The above-captioned proceeding was initiated when Plaintiff, JLM Sartor, Inc.'s ("JLM") filed its original Petition (the "Petition"), in the First Judicial District Court, Caddo Parish, Louisiana, under Docket No. 587,223 to collect amounts allegedly due in connection with oil and gas operations. See Record Document 1-6. On October 2, 2015, through its counsel of record David Szwak ("Szwak"), CGN removed the matter to this Court based on diversity jurisdiction. See Record Document 1. On January 14, 2016, CGN filed a Motion to Dismiss. See Record Document 28.

On April 5, 2016, Szwak filed an unopposed motion to withdraw as counsel, which was granted. See Record Documents 32 and 33. Magistrate Judge Hornsby ("Judge Hornsby") allowed CGN time to enroll new counsel and extended the time, based in part on information from Carl Nichols ("Nichols"), a principal with CGN, that there was a potential for settlement. See Record Documents 33 and 35. Judge Hornsby later granted a second extension, again based on alleged settlement communications, but stated that

it would be the final extension. See Record Document 36. Thereafter, on June 8, 2016, CGN obtained Lee Ayres ("Ayres") and Stacey Smith Melerine ("Melerine") as its new counsel. See Record Document 38.

Over a year later, on July 14, 2017, Judge Hornsby issued a Report and Recommendation, recommending that CGN's Motion to Dismiss be denied. See Record Document 39. This Court adopted the Judge Hornsby's Report and Recommendation on August 7, 2017. See Record Document 40.

Soon thereafter, on September 13, 2017, Ayres and Melerine filed an Unopposed Motion to Withdraw as Counsel of Record for CGN, which was granted by Judge Hornsby. See Record Documents 45 and 46. Judge Hornsby gave CGN 30 days to enroll new counsel and warned that as a limited liability company, CGN cannot represent itself but must be represented by licensed counsel. See Record Document 46 (citing Southwest Express Co. v. Interstate Commerce Commission, 670 F.2d 53, 55 (5th Cir. 1982)). Furthermore, the Order warned that failure to enroll new counsel by the deadline would result in the striking of CGN's answer and entry of default against it. See id.

With the deadline approaching, Nichols requested an extension of the deadline and reported there were continuing efforts to settle the case. Thus, Judge Hornsby extended the deadline to enroll new counsel to November 17, 2017, but clearly warned Nichols that this would be the final extension. See Record Document 47. Further, Judge Hornsby warned that if CGN did not move to enroll new counsel by the deadline, the court would strike CGN's answer and direct the Clerk of Court to enter a default against it. See id.

As the deadline approached, court staff received an email and some phone calls from Nichols. See Record Document 48. Nichols said that he hoped the case could be settled, but the only indication of settlement talks is a letter from some months earlier that made an initial offer. See id. Nichols also complained about equipment that is allegedly missing from a well site, but that issue would not slow the procuration of an attorney. See id. He said that his location outside Louisiana slowed his efforts to find counsel for the CGN. See id.

However, Nichols had more than two months since his second set of attorneys withdrew. Consequently, Judge Hornsby determined that CGN has now had a reasonable time to enroll counsel, but has failed to do so. See id. Because CGN could not proceed *pro se* or represented by Nichols as the principal and having been warned of the consequences, Judge Hornsby imposed sanctions. See id.

CGN did not file an answer titled as such, but it did respond to the original Petition with a Counterclaim and Third-Party Demand. See Record Document 16. Because CGN failed to comply with Judge Hornsby's previous orders to enroll counsel, the court struck CGN's Counterclaim and Third-Party Demand. See Record Document 48. Further, Judge Hornsby directed the Clerk of Court to enter a default against CGN with respect to Sartor's claims against CGN asserted in Sartor's original Petition and amended Complaint. See id. The Clerk of Court filed a Notice of Entry of Default on November 28, 2017. See Record Document 49.

Judge Hornsby directed Sartor to file, no later than January 31, 2018, a Motion for Default Judgment that is supported by a memorandum that explains the basis for judgment in its favor, supporting affidavits or other evidence as may be necessary, and a

proposed judgment that would grant the relief Sartor requests. See Record Document 48. On January 30, 2018 Sartor filed a Motion for Default Judgment along with supporting affidavits and other evidence. See Record Document 50. On February 12, 2018, CGN filed the present Motion before the Court to set aside the default. See Record Document 54.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 60(b)(1) permits relief from a default judgment for "mistake, inadvertence, surprise, or excusable neglect" on a motion made within one year of the judgment. Fed. R. Civ. P. 60(b)(1). Courts construe Rule 60(b)(1) liberally to ensure that they resolve doubtful cases on the merits. See Harrell v. DCS Equip. Leasing Corp., 951 F.2d 1453, 1459 (5th Cir .1992) ("This court applies Rule 60(b) 'most liberally to judgments in default ... [because] ... [t]runcated proceedings of this sort are not favored.' ") (internal citations omitted). The Fifth Circuit has directed district courts to consider three factors in determining whether sufficient grounds exist for setting aside a default judgment under Rule 60(b)(1): "(1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of [the] defendant's conduct." Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1280 (5th Cir.1985); see also Amberg v. FDIC, 934 F.2d 681, 686 (5th Cir.1991). These factors are not "talismanic." CJC Holdings, Inc. v. Wright & Lato, Inc., 979 F.2d 60, 64 (5th Cir.1992). A district court may consider other factors, and the decision of whether to grant relief under Rule 60(b)(1) falls within the courts sound discretion. See Hibernia, 776 F.2d at 1279; Rogers v. Hartford Life & Acc. Ins. Co., 167 F.3d 933, 939 (5th Cir. 1999). Other factors that may also be considered include: (1) whether the defendant acted

expeditiously to correct the default and (2) the amount of money at stake. See Matter of Dierschke, 975 F.2d 181, 184 (5th Cir. 1992).

Measured by the standards set forth above, the Court finds that the default judgment rendered against CGN should be vacated and set aside. Because no Scheduling Order has been entered, this matter has not been set for trial and there are no discovery deadlines pending. Therefore, Sartor will not be prejudiced if the default is set aside. Furthermore, soon after Sartor filed its Motion for Default Judgment on January 30, 2018, CGN filed its Motion to Set Aside Entry of Default on February 12, 2018. The Court considers this to be sufficiently expeditious in responding to the Motion for Default filed by Sartor. The amount of money at stake also warrants setting aside Sartor's Motion for Default. Sartor claims it is entitled to approximately $232,647.93 as a result of CGN's default, which by any standard is a significant sum of money. Although the Court has not analyzed each factor, as the Fifth Circuit noted, the factors set forth by the court are not "talismanic." See CJC Holdings, Inc., 979 F.2d at 64. Thus, the Court finds the factors previously analyzed strongly favor the Court's granting of CGN's Motion to Set Aside Entry of Default. Furthermore, "[d]efaults are generally disfavored in the law and should not be granted merely because a defendant has failed to meet a procedural time requirement. All doubts about the propriety of the default should be resolved in favor of a contest on the merits." Robertson v. Staton, Civil Action No. 06-0183, 2006 WL 1174006, at *1 (W.D. La. May 2, 2006). Accordingly, CGN's Motion to Set Aside Entry of Default is **GRANTED**.

## CONCLUSION

Based on the foregoing reasons,

**IT IS ORDERED** that the Motion to Set Aside Entry of Default filed by CGN (Record Document 54) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Sartor's Motion for Default Judgment (Record Document 50) is hereby **DENIED AS MOOT**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 20th day of July, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT